UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHAN FUNDS MANAGEMENT AMERICA, INC. and XUEFENG DAI, <br><br>                                        Plaintiffs, <br><br>                    v. <br><br> NATIONS TECHNOLOGIES INC., NATIONS TECHNOLOGIES (USA) INC., YINGTONG SUN, ZHAOXUE LUO, BAOXIN HUANG, JUNEE YU, and DOES 1-20, <br><br>                                        Defendants. | Civil Action No.: <br><br> Removed from the Supreme Court of the State of New York, New York County, Index No. 153098/2022 <br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332(a)(3), 1367, 1441, and 1446, Defendants Nations Technologies Inc. ("NTI") and Nations Technologies (USA) Inc. ("NTI CA" and together with "NTI", the "Removing Defendants"), by and through their undersigned counsel, hereby provide notice that they remove the civil action styled *Khan Funds Management America, Inc. et al. v. Nations Technologies Inc. et al.,* Index. No. 153098/2022, from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. The Removing Defendants appear for the purpose of removal only and for no other purpose, and expressly reserve, and do not waive, all rights and defenses, defenses, including those based on personal jurisdiction, improper service and improper venue. In support of this notice of removal, the Removing Defendants respectfully state as follows:

I.      **INTRODUCTION**

1.      Diversity jurisdiction exists over this action under 28 U.S.C. §§ 1332(a)(3), pursuant to which federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

2.        Federal question jurisdiction also exists here under 28 U.S.C. §§ 1331, pursuant to which a defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court.  As Plaintiffs have pleaded violations of the civil Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1962(C), (D), their claims could have originally been filed in federal court.

3.        In addition, this Court may properly exercise supplemental jurisdiction over Plaintiffs' common law claims.  *See* 28 U.S.C. §§ 1367, 1441(c). Supplemental jurisdiction exists for "all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. 1367(a).  Here, the common law claims form part of the same case or controversy that gives rise to the RICO claims.

## II.        PROCEDURAL HISTORY AND BACKGROUND

4.        On April 7, 2022, Khan Funds Management America, Inc. and Xuefeng Dai ("Plaintiffs") filed a summons and verified complaint in New York Supreme Court, New York County under Index Number 153098/2022 (the "Complaint").[1] *See* **Exhibit A**.

5.        In the Complaint, Plaintiffs allege six causes of action.  Plaintiffs allege that the defendants violated or conspired to violate the civil RICO statutes by creating and operating an enterprise in furtherance of illicitly procuring protected technologies for end use in China.  Compl. ¶¶ 45-68, 82-113.  Plaintiffs also allege common law claims for fraud, defamation, prima facie

---

[1] The Complaint is referred to herein as "Compl."  For purposes of this notice of removal only the Removing Defendants assume the truth of the allegations in the Complaint.

tort, and civil conspiracy.  *Id*. ¶¶ 69-79, 114-144.  The Removing Defendants dispute that they have any liability whatsoever to Plaintiffs.

6.      On May 20, 2022, Plaintiffs filed affidavits of service for NTI and NTI USA. Plaintiffs' affidavit of service for NTI purports to have served NTI (1) on May 5, 2022 by substitute service by delivering process to a "John Doe" at a residential address that is not the office of NTI or the place of any individuals authorized to accept service on behalf of NTI; (2) on May 17, 2022 by substitute service by delivering process to "Yuhui Chen" at a residential address that is not the office of NTI or the place of any individuals authorized to accept service on behalf of NTI; and (3) on May 17, 2022 by substitute service by delivering process to "Faye Key – Reception Manager" at the shared office space of NTI USA's (and not NTI's) agent of service of process.  None of these individuals are authorized to accept service on behalf of NTI by appointment or by law.  *See* **Exhibits H-I, K**.

7.      Plaintiffs' affidavits of service for NTI USA purport to have served NTI USA (1) on May 5, 2022 by substitute service by delivering process to a "John Doe" at a residential address that is not the office of NTI USA or the place of any individuals authorized to accept service on behalf of NTI USA; (2) on May 17, 2022 by substitute service by delivering process to "Yuhui Chen" at a residential address that is not the place of any individuals authorized to accept service on behalf of NTI USA; and (3) on May 17, 2022 by substitute service by delivering process to "Faye Key – Reception Manager" at the shared office space of NTI USA's agent of service of process.  *See* **Exhibits G, J, L**.

8.      Service in the above manner is insufficient under New York law. *See* CPLR § 311(a)(1) ("[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons . . . upon any domestic or foreign corporation, to an officer, director,

managing or general agent, or cashier or assistant cashier or to any other agent authorized by

appointment or by law to receive service."); *see also Perez v. Garcia*, 8 Misc. 3d 1002(A), 801

N.Y.S.2d 780, 2005 WL 1397438, *2 (Sup. Ct. 2005) ("Service on a corporation may not be made

in accordance with the substitute methods of service authorized for the personal service of process

on individuals").   Thus, this notice of removal is timely under 28 U.S.C. § 1446(d) because the

Removing Defendants have not yet been properly served with the Complaint and therefore this

notice is being filed within thirty (30) days of receipt of the Complaint.[2]

9.       No motions or other proceedings are pending in the State Court.

10.      Venue is proper in this Court for removal purposes because this Court is "the

district court of the United States for the district and division within which [this] action is pending."

28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 112(b).

### III.    THE COURT HAS DIVERSITY JURISDICTION

11.      This action is removable pursuant to 28 U.S.C. §§ 1332(a)(3), which provides

federal district courts original jurisdiction over civil actions where the amount in controversy

exceeds $75,000 and where the action is between citizens of different States and in which citizens

or subjects of a foreign state are additional parties.  The citizenship of a corporation is the state

where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. §

1332(c)(1).

12.      The citizenship of the current parties to this lawsuit is as follows:

---

[2] Out of an abundance of caution, Removing Defendants are removing within 30 days of May 17, 2022, the date of when NTI USA's service of agent of process was purportedly served via substitute service. Removing Defendants maintain that substitute service for corporations under CPLR § 311(a)(1) is prohibited and service is therefore improper as to Removing Defendants.

a.  Plaintiff Khan Funds Management America, Inc. is a corporation incorporated under the laws of the state of New York with its principal place of business in New York County. Compl. ¶ 19.

b.  Plaintiff Xuefeng Dai is a legal permanent resident of the United States and citizen of China. Compl. ¶ 20.

c.  Defendant Nations Technologies (USA) Inc. or NTI CA is a corporation incorporated under the laws of the state of California with its principal place of business in California. Compl. ¶ 22.

d.  Defendant Nations Technologies Inc. or NTI is a corporation incorporated under the laws of China with its principal place of business in China. Compl. ¶ 21.

e.  The Individual Defendants, Yingtong Sun, Zhaoxue Luo, Baoxin Huang, and Junjie Yu, are citizens of China. Compl. ¶¶ 23-26. Plaintiffs have not pleaded the citizenship of Defendants Does 1-20.  Compl. ¶ 27.

13.     Thus, there is diversity between Plaintiff Khan Funds Management America, Inc. in New York and Nations Technologies (USA) Inc. in California, which are citizens of different states, and the other parties are additional foreign parties.

14.     Additionally, the amount in controversy exceeds $75,000.  Pursuant to 28 U.S.C. § 1446(c)(1), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  Although the Removing Defendants dispute Plaintiffs' entitlement to any remedy or damages at all, let alone the unjustifiably large sum sought in the Complaint, the pleading satisfies this hurdle as seeks more than $200 million.  Compl. ¶¶ 80-81.  The amount in controversy requirement of 28 U.S.C. § 1332(a) is met.

**IV.    THE COURT ALSO HAS FEDERAL QUESTION JURISDICTION**

15.    The Court also has federal question jurisdiction pursuant 28 U.S.C. § 1331. Federal question jurisdiction allows a defendant to remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court.  28 U.S.C. § 1441(a).  Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

16.    Plaintiff has explicitly pleaded violations of the RICO statute, 18 U.S.C. §§ 1962(C), (D).  Accordingly, the requirements for federal question jurisdiction have been satisfied.

17.    As a result, the Court has supplemental jurisdiction over the state law claims as they form part of the same case or controversy that gives rise to the RICO claims. *See* 28 U.S.C. §§ 1367, 1441(c).

**V.    COMPLIANCE WITH OTHER PROCEDURAL REQUIREMENTS**

18.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders Plaintiffs have filed in New York Supreme Court are being filed with this Court contemporaneously with this notice of removal as **Exhibits A-N.**

19.    All named Defendants in the state court action have consented to this removal. *See* **Exhibit O**.

20.    Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will provide a true copy of this notice of removal to all adverse parties pursuant to Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure and the Removing Defendants will file with this Court a Certificate of Service of this notice of removal on the adverse parties.  In addition, the Removing Defendants

will promptly file a Notice of Filing of Notice of Removal with the Clerk of the New York Supreme Court, New York County, and serve all parties with a copy of this Notice of Removal.

21.     By filing this notice of removal, the Removing Defendants do not waive any defenses that may be available to them at law, equity or otherwise, including without limitation any defenses relating to jurisdiction and service, and do not concede that the allegations in the Complaint state any valid claims under any applicable law.

22.     The Removing Defendants reserve the right to submit at an appropriate time factual support, evidence, and affidavits to support the foregoing bases for federal jurisdiction, should that become necessary.

23.     The Removing Defendants reserve the right to supplement or amend this notice of removal as necessary or appropriate.

24.     The undersigned counsel has read the foregoing and signs this notice of removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a). .

## VI.    CONCLUSION AND PRAYER

WHEREFORE, the Removing Defendants respectfully request that the above-referenced civil action now pending against them in the Supreme Court of the State of New York, New York County, be removed to this Court.

Dated: June 16, 2022

NORTON ROSE FULBRIGHT US LLP


By: */s/ Victoria V. Corder*
Victoria V. Corder

Victoria V. Corder
1301 Avenue of the Americas
New York, New York 10019
Tel:     (212) 408-5457
Fax:     (212) 318-3400
victoria.corder@nortonrosefulbright.com

Brian A. Sun
Christopher K. Pelham
555 South Flower Street
Forty-First Floor
Los Angeles California 90071
Tel:     (213) 892-9200
brian.sun@nortonrosefulbright.com
christopher.pelham@nortonrosefulbright.com

*Attorneys for Defendants Nations*
*Technologies Inc. and Nations Technologies*
*(USA) Inc.*