UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHAN FUNDS MANAGEMENT
AMERICA, INC. *and* XUEFENG
DAI,

                Plaintiffs,

           *– against –*

NATIONS TECHNOLOGIES INC.,
NATIONS TECHNOLOGIES (USA)
INC., SHENZHEN QIANHAI NATIONS
INVESTMENT MANAGEMENT CO.
LTD., ZHAOXUE LUO, YINGTONG
SUN, BAOXIN HUANG, JUNEE YU,
YAPING CHEN, HUAXIA GENERAL
PROCESSOR TECHNOLOGIES INC.,
OPTIMUM SEMICONDUCTOR
TECHNOLOGIES INC. *d/b/a* GENERAL
PROCESSOR TECHNOLOGIES, KEYI
LI, *and* DOES 1–20,

                Defendants.

**ORDER**

22-cv-5055 (ER)

On September 19, 2023, the Court issued an Opinion & Order granting Optimum Semiconductor Technologies Inc.'s ("OST's") motion to dismiss. Doc. 74. The next day, by letter motion to the Court, OST sought clarification as to whether the claims against OST were dismissed with or without prejudice. Doc. 75.

Dismissal of claims with prejudice is appropriate where amendment would be futile. *In re Philip Morris Int'l Sec. Litig.*, No. 18-cv-08049 (RA), 2020 U.S. Dist. LEXIS 172552, at *24 (S.D.N.Y. Sep. 21, 2020) (citing *Dougherty v. Town of N. Hempstead. Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Moreover, the Second Circuit has instructed courts not to dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shabazz v. Bezio*, 511 F.

App'x 28, 31 (2d Cir. 2013) (citation omitted); *see also Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190–91 (2d Cir. 2015) (reaffirming the "liberal spirit" of Rule 15 and counseling strongly against the dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims). Consequently, dismissal pursuant to Rule 12(b)(6) is most often with prejudice (and leave to amend accordingly denied) only when plaintiffs have already amended their complaint once following a motion to dismiss, are thus aware of the deficiencies, but nonetheless fail to cure them. *See Bermudez v. Colgate-Palmolive Co.*, No. 1:21-cv-10988 (JLR), 2023 U.S. Dist. LEXIS 57047, at *47–48 (S.D.N.Y. Mar. 31, 2023) (collecting cases).

Here, OST has not yet shown that amendment would be futile, nor have Plaintiffs yet had an opportunity to amend their complaint with the benefit of the Court's ruling as to the claims' defects. Accordingly, the Court cannot yet dismiss the claims against OST with prejudice. *See Lorely Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 190–91; *Bermudez*, 2023 U.S. Dist. LEXIS 57047, at *47–48; *In re Philip Morris Int'l Sec. Litig.*, 2020 U.S. Dist. LEXIS 172552, at *24. Although Plaintiffs did not seek, in the alternative, leave to amend in their opposition to OST's motion to dismiss (Doc. 67), the Court will allow Plaintiffs to amend their claims against OST, if at all, by October 23, 2023.

      SO ORDERED.

Dated:  September 21, 2023
           New York, New York

                                                    Edgardo Ramos, U.S.D.J.