UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

KHAN FUNDS MANAGEMENT
AMERICA, INC. and XUEFENG DAI,

    Plaintiffs,

  -against-

NATIONS TECHNOLOGIES INC.,
NATIONS TECHNOLOGIES (USA) INC.,
SHENZHEN QIANHAI NATIONS
INVESTMENT MANAGEMENT CO.
LTD., ZHAOXUE LUO, YINGTONG SUN,
BAOXIN HUANG, JUNEE YU, YAPING
CHEN, HUAXIA GENERAL PROCESSOR
TECHNOLOGIES INC., OPTIMUM
SEMICONDUCTOR TECHNOLOGIES
INC. d/b/a GENERAL PROCESSOR
TECHNOLOGIES, KEYI LI, and DOES 1-
20,

    Defendants.

------------------------------------------------------- X

NATIONS TECHNOLOGIES INC.,
SHENZHEN QIANHAI NATIONS
INVESTMENT MANAGEMENT CO.
LTD., and SHENZHEN GUOTAIQIXING
INDUSTRY INVESTMENT FUND
CENTRE (LIMITED PARTNERSHIP),

    Counterclaim-Plaintiffs,

  -against-

KHAN FUNDS MANAGEMENT
AMERICA, INC., XUEFENG DAI,
BEIJING KHAN MEDICAL AND
PHARMACEUTICAL HOLDING CO.,
LTD., and SHENZHEN QIANHAI
GENGHIS KHAN FUND MANAGEMENT
CO., LTD.,

    Counterclaim-Defendants.

------------------------------------------------------- X

**CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER**

Case No. 22-cv-05055 (ER)

WHEREAS, Plaintiffs and Counterclaim-Defendants, Khan Funds Management, Inc. ("Khan Funds") and Xuefeng Dai ("Dai"); Defendants, Nations Technologies Inc. ("NTI"), Nations Technologies (USA) Inc. ("NTI USA"), Shenzhen Quinhai National Industry Investment Co., Ltd. f/k/a Shenzhen Qianhai Nations Investment Management Co. Ltd. ("Nations Investment"), Zhauxue Luo ("Luo"), Yingtong Sun ("Sun"), Baoxin Huang ("Huang"), and Junee Yu ("Yu"); and Counterclaim-Plaintiff, Shenzhen Guitaiqixing Industry Investment Fund Centre (Limited Partnership) ("Shenzhen Guotai"), and Quotaiqixing Biomedical International (S) PTE. Ltd. ("GTQX") (collectively, the "Parties") have conferred and agreed to the following terms of confidentiality to apply to information exchanged in the above-captioned action (the "Action"); and

WHEREAS, the Court has found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and therefore

IT IS HEREBY ORDERED that the following restrictions and procedures (the "Protective Order") shall apply to the information and documents exchanged by the Parties in the Action and any person subject to the Protective Order—including, without limitation, the Parties to the Action, their representatives, agents, experts, and consultants; all third parties and non-parties providing discovery in the Action; and all other interested persons with actual or constructive notice of the Protective Order:

1.    The following definitions shall apply to this Protective Order:

    (a)    "Party" or "Parties" shall mean and refer to any Party in the above-captioned action including the its directors, officers, agents, servants, and employees.

(b)     "Document" or "documents" as used herein, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure and Local Civil Rule 26.3.

(c)     "Confidential Information" shall mean documents or information that is not publicly available and that counsel for the producing Party determines, in good faith, that such designation is necessary to protect the interests of the client in information that is a trade secret, proprietary business information, competitively sensitive information, or other information the disclosure of which would be detrimental to the conduct of the producing Party's business or the business of its customers or clients.

(d)     "Highly Confidential Information" shall mean documents or information that qualify as Confidential Information and that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those permitted by this Protective Orer would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the producing Party.  A designation of Hight Confidential Information constitutes a representation that such information has been reviewed by an attorney for the producing party and that there is a valid basis for such designation.

(e)     "Experts" shall mean any independent person, firm, or corporation retained or specially employed by outside counsel of record for any Party to provide expert advice in connection with this Action who is not an employee of any

Party, and who does not have any intended employment with any Party, and who may or may not be expected to be called as a witness at trial.

2.     All Confidential Information and/or Highly Confidential Information disclosed in this case shall be used by any Qualified Person identified in Paragraph 5 below only for the purposes of settlement discussions, prosecution or defense of the Action (and any appeals thereof), with the exception that nothing herein shall prohibit any Party from using any Confidential Information and/or Highly Confidential Information to amend the pleadings in the Action based on information and belief or in other proceedings between these parties or their affiliates, so long as such materials are not filed on the public record.

3.     Any Party or non-party that produces information, whether orally during testimony at depositions, hearings or trial, in writing through the production of documents or written responses to discovery requests, or otherwise during the course of this Action, which information the producing Party reasonably believes qualifies as Confidential Information and/or Highly Confidential Information, may designate such documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, and the documents or information so designated shall thereafter be subject to the provisions of this Protective Order.  Such designation shall be made by the producing Party at the time that a response to discovery is made by placing or affixing the appropriate designation of confidentiality in writing on documents containing such Confidential Information and/or Highly Confidential Information.  In the case of depositions or hearings, the producing Party's counsel may designate portions of a deposition or hearing as Confidential or Highly Confidential by making an appropriate statement at the time of the giving of such testimony, or by making a blanket designation of the entire transcript as Confidential or Highly Confidential at the time of commencement, anytime during such deposition or hearing, or

within seven (7) days after the deposition or hearing, subject to subsequent review and declassification of non-confidential portions, if any, of the transcript by the producing Party within thirty (30) days after receipt of such transcript by the producing Party. The Parties agree to treat all testimony provided during depositions or hearings as Highly Confidential during the seven-day period following such deposition or hearing. The producing Party's counsel shall notify counsel for the receiving Party of declassification, if any, under this paragraph within such thirty-day period. If testimony at a deposition or hearing or any document being testified to is designated Confidential or Highly Confidential, only those persons who may have access to such information under the terms of the Protective Order may be in attendance to hear testimony. Any confidential designation that is omitted during document production, in connection with a deposition or hearing, or in connection with any other discovery in the Action, may be corrected by written notification to counsel, and such documents or information shall thereafter be treated in accordance with the provisions of this Protective Order.

4.      At any deposition, or at any point during testimony at any hearing or trial in this Action, when counsel for a Party or counsel for the deponent deems that a question or the answer to a question will result in the disclosure of Confidential Information and/or Highly Confidential Information, counsel shall have the option, in addition to any other steps rightly available under the Federal Rules of Civil Procedure or this Protective Order, to request that all persons not authorized as a Qualified Person who has access to the appropriate category of information, leave the deposition, hearing, or trial during the Confidential Information and/or Highly Confidential Information portion(s) of the deposition, hearing, or trial.

5.    Documents and information designated as "Confidential Information" pursuant to Paragraph 3 above shall be limited in disclosure exclusively to Qualified Persons.  "Qualified Persons" shall mean:

(a)    Employees of a Party (if the Party is an entity), but only to the extent necessary for providing assistance in this Action, or if the Party is an individual, to that individual, subject to the limitation that disclosure is made for providing assistance in this Action only.  Prior to any disclosure of "Confidential Information," the employee or individual Party shall be informed of this Protective Order and advised that he or she is required to maintain the confidentiality of such Confidential Information, and shall sign the declaration attached hereto as Exhibit B;

(b)    Outside counsel of record who have appeared for each Party in this Action, and clerical, paralegal, and secretarial staff necessary to assist such counsel in the prosecution or defense of the Action;

(c)    Third parties retained by the Parties or outside counsel of record to furnish services such as document coding, image scanning, mock trial, jury consulting, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(d)    Experts retained by outside counsel of record for purposes of this Action, subject to the provisions contained in Paragraph 7 of this Protective Order;

(e)    The Court and its personnel;

(f)     Such other persons as may hereinafter be properly qualified to receive Confidential Information and/or Highly Confidential Information pursuant to subsequent order of the Court;

(g)     Any authors or recipients of the Confidential Information and/or Highly Confidential Information; and

(h)     Confidential Information and/or Highly Confidential Information may be disclosed to a witness who has signed the declaration attached hereto as Exhibit B, only in a deposition at which the producing Party is represented or has been given prior notice that designated Confidential Information and/or Highly Confidential Information produced by that Party will be used. It is acknowledged that the producing Party reserves all rights with regards to any such use of designated Confidential Information and/or Highly Confidential Information, including without limitation the right to move for a protective order to prevent any such disclosure during the deposition. Witnesses shown Confidential Information and/or Highly Confidential Information shall not be allowed to retain copies; and

(i)     any other person to whom all Parties agree in writing.

6.      Documents and information designated as "Highly Confidential" pursuant to Paragraph 3 above shall be limited in their disclosure exclusively to those persons specified in Paragraph 5(b), (c), (d), (e), (f), (g), (h), & (i).

7.      If outside counsel of record for a Party seeks to disclose to any Expert information that a producing Party produced and designated as Confidential Information and/or Highly Confidential pursuant to Paragraph 3 of this Protective Order, the Expert shall first execute a copy

of the declaration in the form attached hereto as Exhibit A.  Outside counsel of record for each Party shall retain all declarations executed by any Qualified Person or Expert to whom it disclosed Confidential Information and/or Highly Confidential Information.

10.      For any documents or information that are produced, but that the Parties are obligated to keep confidential either through a court order and/or an existing agreement with a non-party, the Party with any such obligation shall promptly notify any such non-party that such documents or information is being requested in this matter and use reasonable efforts to obtain the necessary consent by any such non-party to produce such document or information, and promptly notify the requesting Party whether or not such consent has been provided.

11.      Nothing in this Protective Order shall bar or otherwise restrict a Party's outside counsel from rendering advice to his or her client with respect to the Action, and in the course thereof, from generally relying upon their examination of Confidential Information and/or Highly Confidential Information.  In rendering such advice or in otherwise communicating with the Party, outside counsel shall not disclose the specific content of any Confidential Information and/or Highly Confidential Information except as allowed in this Protective Order.

12.      In the event that the receiving Party shall at any time disagree with the producing Party's designation of any information or material as Confidential Information and/or Highly Confidential, the receiving Party shall give the producing Party written notice of said objection and state the basis for such objection.  Thereafter, the Parties shall endeavor to arrive at an agreement that some or all of such information is or is not Confidential Information and/or Highly Confidential, and shall otherwise try in good faith to resolve such dispute on an informal basis.  If the Parties are unable to resolve their dispute within seven (7) days, the Party objecting to the designation may move or apply to the Court for such relief as it believes appropriate.  The Court

may then determine whether the documents or information should be considered Confidential Information and/or Highly Confidential, and, if so, may rule on what restrictions to access or disclosure should be imposed, if any.  Until said dispute is resolved by the Court, the documents or information designated Confidential Information and/or Highly Confidential by the producing Party shall retain such designation.  On any motion brought before the Court by the receiving Party to remove a designation of Confidential Information and/or Highly Confidential, the burden of proof and persuasion shall be on the producing Party to demonstrate to the Court that the documents or information disclosed by it should be treated as Confidential Information and/or Highly Confidential.  If the receiving Party does not file a motion for a determination, and unless otherwise ordered by the Court, the challenged designation shall stand.  No Party shall be obligated to challenge the propriety of the designation of Confidential Information and/or Highly Confidential at the time of production, and a failure to do so shall not preclude a subsequent objection to the propriety of such designation.

13.     Notwithstanding the disclosure or production of Confidential Information and/or Highly Confidential Information, the producing Party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate.  The designation of Confidential Information and/or Highly Confidential Information pursuant to this Protective Order shall not create any presumption with respect to the confidential, proprietary or trade secret nature of any information, documents or things.

14.     No Confidential Information and/or Highly Confidential Information shall be filed in the public record in the Action.  All documents and information subject to confidential treatment in accordance with the terms of this Protective Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information

and/or Highly Confidential Information, shall be filed under seal in accordance with the rules and procedures of the U.S. District Court for the Southern District of New York and Judge Ramos's Individual Rules of Practice, dated March 17, 2025.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

15.    The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a)    was, is or becomes public knowledge, not in violation of this Protective Order; or

(b)    is acquired by the non-designating Party from a non-party having the right to disclose such information or material in a non-protected manner.

16.    Should any Party or Qualified Person, or their agents or representatives, receive notice of any subpoena or other compulsory process commanding disclosure of Confidential Information and/or Highly Confidential Information received from a producing Party in this Action, such Party or Qualified Person shall within two (2) days (if there are fewer than ten (10) days to comply), or at least seven (7) days prior to the due date of compliance (if there are more than ten (10) days to comply), serve written notice of the request on outside counsel of record for the producing Party prior to responding to the request so that the producing Party may take any action deemed necessary and appropriate to protect its Confidential Information and/or Highly Confidential Information.  It shall be the responsibility of the producing Party to obtain relief from the subpoena or order prior to the due date of compliance. In the event that the producing Party seeks relief from the appropriate Court, the Party or Qualified Person that received the request for Confidential Information and/or Highly Confidential Information shall not produce any Confidential Information and/or Highly Confidential Information until ordered by the Court to do

so, and shall thereafter do so only insofar as the Court may direct, unless such Qualified Person or Party concludes, upon advice of outside counsel of record, that failure to produce the Confidential Information and/or Highly Confidential Information requested would constitute a violation of lawful process.

17.    Upon the final determination of this Action, whether by trial, appeal, settlement or other disposition, counsel of record for each Party who has received Confidential Information and/or Highly Confidential Information shall assemble and return to the producing Party all such Confidential Information and/or Highly Confidential Information, including copies thereof that are in the possession of any Qualified Person, and all copies retained on all electronic media and backup media (including digital and magnetic tapes), servers, hard drives and/or other media, within one hundred twenty (120) days of said final determination.  Alternatively, any Confidential Information and/or Highly Confidential Information received under this Protective Order may be destroyed by the receiving Party in lieu of returning it to the producing Party, and such destruction shall be certified to have been completed by counsel of record.  Copies of materials constituting the work product of such counsel of record, including, without limitation, memos, court filings, and deposition transcripts, that contain Confidential Information and/or Highly Confidential Information may be retained by outside counsel of record for each Party that received such documents and information.  Counsel for each Party may retain a single set of documents produced by the producing Party, and all other copies of such materials, including those in the possession of the Parties, shall be returned to the producing Party or destroyed.  The terms of this Protective Order shall apply to the retained copies.

18.    The Court has and shall retain jurisdiction to make amendments, modifications and additions to this Protective Order as the Court may from time to time deem appropriate.  This

Protective Order is without prejudice to the right of any Party to seek from the Court modification of or additions to any provision contained in it at any time after notice to the other Party.  Any Party may apply to the Court for amendment of, modification of, or addition to this Protective Order at any time.  This Protective Order shall survive the final determination of this Action and shall remain in full force and effect after the conclusion of all proceedings herein in order to provide a court with jurisdiction to enforce its terms and to insure compliance herewith.

19.    Nothing contained herein shall preclude a producing Party from using or disseminating its own Confidential Information and/or Highly Confidential Information or from waiving any provision of this Protective Order with respect to any such documents or information produced by that Party.

20.    Any non-party to this Action that provides documents or other information to any Party or Qualified Person during this Action shall be entitled to avail itself of the provisions and protections of this Protective Order by serving written notice on the Parties invoking the specific terms of this Protective Order and by making production consistent with it.  By doing so, such non-party shall assume the duties and obligations imposed hereby.  However, only the Qualified Persons specifically defined in this Protective Order are entitled to see Confidential Information and/or Highly Confidential Information produced by the non-party.

21.    Should any Party obtain documents or information from a non-party to this Action, by subpoena or otherwise, that contains, or can reasonably be assumed to contain, Confidential Information and/or Highly Confidential Information of the non-party, the receiving Party shall treat such documents or information as Confidential Information and/or Highly Confidential Information under this Protective Order, unless the non-party that owns such Confidential

Information and/or Highly Confidential Information expressly releases in writing the receiving Party from the obligations under this Paragraph or unless otherwise ordered by the Court.

22.     The Parties hereby further agree to reasonably cooperate to limit the burden on the Court in the introduction of material designated "Confidential" and/or "Highly Confidential" by redacting such material, through stipulation, or through other appropriate means, with the objective that the case be tried, to the extent reasonably feasible, on an open record.  Further, in order to facilitate the open exchange of information and limit the burden on the Parties, the Parties agree that there shall be no redaction of material designated as Confidential Information and/or Highly Confidential between the Parties' respective outside counsel of record (*i.e.*, redactions are appropriate only when submitting such materials to the Court), except where the redaction contains privileged information or attorney or other protected work product.

23.     In connection with this Action, if a Party discloses information, whether inadvertent or otherwise, subject to the attorney-client privilege or work product protection, or without an appropriate designation of confidentiality (the "Disclosed Protected Information"), the disclosure shall not constitute or be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, work product protection, the subject matter thereof, or the confidential nature of any such information, as to the Disclosed Protected Information or any other information.  The disclosure is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d). A producing Party may assert in writing attorney-client privilege or work product protection with respect to the Disclosed Protected Information.  Within seven (7) days of receipt of that writing, unless contesting the claim of attorney-client or work product protection, a receiving Party must

(i) return or destroy all copies of the Disclosed Protected Information and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.  Within seven days of the notification that such Disclosed Protected Information has been returned or destroyed, the producing Party shall produce a privilege log with respect to the Disclosed Protected Information. If a receiving Party contests the claim of attorney-client privilege or work product protection, within seven (7) days of receipt of the writing asserting a claim to attorney-client privilege or work product protection over Disclosed Protected Information, the receiving party must move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the Disclosed Protected Information or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion. The producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information. If, at trial or on any motion other than a Disclosure Motion, a Disclosing Party offers into evidence or submits to the Court any Disclosed Protected Information — or proffers or elicits testimony that incorporates Disclosed Protected Information, including evidence within Federal Rule of Evidence 703 — that act shall be deemed to effect a waiver and forfeiture by the producing Party of any attorney-client privilege or work product protection that would otherwise apply (i) to the Disclosed Protected Information and (ii) to undisclosed information concerning the same subject matter within Federal Rule of Evidence 502(a).

24.    Nothing herein shall be construed to preclude disclosure of documents to any

person to whom such documents were disclosed prior to entry of this Protective Order by the Court,

provided such prior disclosure was not contrary to or in violation of this Protective Order or any

other agreement between the Parties hereto.

Dated:  October 27, 2025

SO ORDERED

_____

Edgardo Ramos
United States District Judge
New York, New York

The Parties to this Action hereby stipulate to the entry of this Protective Order.

| | |
|---|---|
| */s/ Akiva Shapiro*<br>Akiva Shapiro | */s/  Victoria V. Corder* |
| | NORTON ROSE FULBRIGHT US LLP |
| GIBSON, DUNN & CRUTCHER LLP | Victoria V. Corder |
| 200 Park Avenue | Benjamin D. Bloodstein |
| New York, NY 10166-0193 | 1301 Avenue of the Americas |
| Telephone: 212.351.4000 | New York, New York 10019 |
| Facsimile: 212.351.4035 | Tel:     (212) 408-5457 |
| ashapiro@gibsondunn.com | Fax:     (212) 318-3400 |
| | victoria.corder@nortonrosefulbright.com |
| *Attorney for Khan Funds Management* | benjamin.bloodstein@nortonrosefulbright.com |
| *America, Inc. and Xuefeng Dai* | |

NORTON ROSE FULBRIGHT US LLP
Victoria V. Corder
Benjamin D. Bloodstein
1301 Avenue of the Americas
New York, New York 10019
Tel:     (212) 408-5457
Fax:     (212) 318-3400
victoria.corder@nortonrosefulbright.com
benjamin.bloodstein@nortonrosefulbright.com

Brian A. Sun
Christopher Pelham
555 South Flower Street
Forty-First Floor
Los Angeles California 90071
Tel:     (213) 892-9200
brian.sun@nortonrosefulbright.com
christopher.pelham@nortonrosefulbright.com

Zhener Low
One Embarcadero Center, Suite 1050
San Francisco, CA 94111
Tel:     (628) 231-6832
zhener.low@nortonrosefulbright.com

*Attorneys for Nations Technologies Inc., Nations*
*Technologies (USA) Inc., Shenzhen Qianhai*
*Nations Investment Management Co. Ltd.,*
*Shenzhen Guotaiqixing Industry Investment Fund*
*Centre (Limited Partnership),* and *Quotaiqixing*
*Biomedical International (S) Pte. Ltd.*

*/s/ Minyao Wang___*
Minyao Wang

LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, New York 10005
Tel:     (212) 232-1300
minyao.wang@lewisbrisbois.com

Malcolm B. Savage, III
2112 Pennsylvania Avenue NW, Suite 500
Washington, DC 20037
Tel:     (202) 558-0655
malcolm.savage@lewisbrisbois.com

*Attorneys for Zhaoxue Luo and Junee Yu*

*/s/ Jason L. Liang*
Jason L. Liang

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
Tel:     (213) 262-8000
jliang@lianglyllp.com

*Attorney for Yingtong Sun and Baoxin Huang*

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

KHAN FUNDS MANAGEMENT
AMERICA, INC. and XUEFENG DAI,

         Plaintiffs,

   -against-

NATIONS TECHNOLOGIES INC.,
NATIONS TECHNOLOGIES (USA) INC.,
SHENZHEN QIANHAI NATIONS
INVESTMENT MANAGEMENT CO.
LTD., ZHAOXUE LUO, YINGTONG SUN,
BAOXIN HUANG, JUNEE YU, YAPING
CHEN, HUAXIA GENERAL PROCESSOR
TECHNOLOGIES INC., OPTIMUM
SEMICONDUCTOR TECHNOLOGIES
INC. d/b/a GENERAL PROCESSOR
TECHNOLOGIES, KEYI LI, and DOES 1-
20,

         Defendants.

------------------------------------------------------ X

NATIONS TECHNOLOGIES INC.,
SHENZHEN QIANHAI NATIONS
INVESTMENT MANAGEMENT CO.
LTD., and SHENZHEN GUOTAIQIXING
INDUSTRY INVESTMENT FUND
CENTRE (LIMITED PARTNERSHIP),

         Counterclaim-Plaintiffs,

   -against-

KHAN FUNDS MANAGEMENT
AMERICA, INC., XUEFENG DAI,
BEIJING KHAN MEDICAL AND
PHARMACEUTICAL HOLDING CO.,
LTD., and SHENZHEN QIANHAI
GENGHIS KHAN FUND MANAGEMENT
CO., LTD.,

         Counterclaim-Defendants.

------------------------------------------------------ X

**CONFIDENTIALITY STIPULATION
AND PROPOSED PROTECTIVE ORDER**

Case No. 22-cv-05055 (ER)

Under penalty of perjury, I declare the following to be true and correct:

(a)     I am not an employee of any Party in the above-captioned action pending in the United States District Court for the Southern District of New York (the "Action"), and I do not have any employment or intended employment with any Party;

(b)     I have read the Protective Order entered in the Action and agree to be bound by all of the terms and conditions thereof and to subject myself to the jurisdiction of the Court for enforcement thereof;

(c)     I will limit the disclosure of Confidential Information and/or Highly Confidential Information within my own organization to those persons who are (i) reasonably necessary in support of the tasks explicitly delegated or assigned to such person in the context of the Action, and (ii) Qualified Persons as that term is defined in the Protective Order;

(d)     I will have access solely to Confidential Information and/or Highly Confidential Information that, in the judgment of outside counsel of record for the Party by whom I have been retained, is reasonably necessary to permit me to render my expert services, and I will use any Confidential Information and/or Highly Confidential Information solely for purposes of the Action (and any appeals thereof) and for no other purpose whatsoever and shall not use said information or materials in any other or subsequent employment, engagement, or proceeding of any nature whatsoever;

(e)     I will keep and maintain all Confidential Information and/or Highly Confidential Information in a safe and secure fashion in order to ensure that such documents or information are not made accessible to any person not qualified under this Protective Order to receive them; and

(f)     I will, within sixty (60) days of the termination of the Action (and the exhaustion of all appeals thereof), either (1) return all Confidential Information and/or Highly Confidential

Information then in my possession to outside counsel of record for the Party by whom I have been retained, including all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Confidential Information and/or Highly Confidential Information; or (2) destroy all copies of Confidential Information and/or Highly Confidential Information containing any notes or other markings and all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Confidential Information and/or Highly Confidential Information and provide a certificate of compliance to the Party that has retained me.

_____
Date

_____
Signature

_____
Name

_____
Title

_____
Address

## EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

KHAN FUNDS MANAGEMENT
AMERICA, INC. and XUEFENG DAI,     :

          Plaintiffs,     :

    -against-     :

NATIONS TECHNOLOGIES INC.,     :
NATIONS TECHNOLOGIES (USA) INC.,     :
SHENZHEN QIANHAI NATIONS     :
INVESTMENT MANAGEMENT CO.     :
LTD., ZHAOXUE LUO, YINGTONG SUN,     :
BAOXIN HUANG, JUNEE YU, YAPING     **CONFIDENTIALITY STIPULATION**
CHEN, HUAXIA GENERAL PROCESSOR     :  **AND PROPOSED PROTECTIVE ORDER**
TECHNOLOGIES INC., OPTIMUM     :
SEMICONDUCTOR TECHNOLOGIES     :  Case No. 22-cv-05055 (ER)
INC. d/b/a GENERAL PROCESSOR     :
TECHNOLOGIES, KEYI LI, and DOES 1-     :
20,     :

         Defendants.     :

------------------------------------------------------- X

NATIONS TECHNOLOGIES INC.,     :
SHENZHEN QIANHAI NATIONS     :
INVESTMENT MANAGEMENT CO.     :
LTD., and SHENZHEN GUOTAIQIXING     :
INDUSTRY INVESTMENT FUND     :
CENTRE (LIMITED PARTNERSHIP),     :

         Counterclaim-Plaintiffs,     :

    -against-     :

KHAN FUNDS MANAGEMENT     :
AMERICA, INC., XUEFENG DAI,     :
BEIJING KHAN MEDICAL AND     :
PHARMACEUTICAL HOLDING CO.,     :
LTD., and SHENZHEN QIANHAI     :
GENGHIS KHAN FUND MANAGEMENT     :
CO., LTD.,     :

         Counterclaim-Defendants.     :

------------------------------------------------------- X

Under penalty of perjury, I declare the following to be true and correct:

(a)    I am _____ [insert title] for _____, a Party in the above-captioned action pending in the United States District Court for the Southern District of New York (the "Action");

(b)    I have read the Protective Order entered in this Action and agree to be bound by all of the terms and conditions thereof and to subject myself to the jurisdiction of the Court for enforcement thereof;

(c)    In the absence of written permission from the producing Party, or an order from the Court, I agree to hold in confidence all Confidential Information and/or Highly Confidential Information produced by the producing Party and disclosed to me pursuant to the terms of the Protective Order and will use any Confidential Information and/or Highly Confidential Information produced by the producing Party solely for purposes of this Action (and any appeals thereof) and for no other purpose whatsoever;

(d)    I will keep and maintain all Confidential Information and/or Highly Confidential Information produced by the producing Party in a safe and secure fashion in order to ensure that such documents or information are not made accessible to any person not qualified under this Protective Order to receive them; and

(e)    I will, within sixty (60) days of the termination of the Action (and any appeals thereof), return all Confidential Information and/or Highly Confidential Information produced by the producing Party then in my possession to outside counsel of record for the producing Party. Within said time period, I will also destroy all copies of Confidential Information and/or Highly Confidential Information containing any notes or other markings and all notes, abstracts,

summaries, memoranda and other documents containing or making reference to any Confidential

Information and/or Highly Confidential Information.

_____
Date

_____
Signature

_____
Name

_____
Title

_____
Address