UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHAN FUNDS MANAGEMENT
AMERICA, INC. *and* XUEFENG DAI,

                Plaintiffs,

       – *against* –

NATIONS TECHNOLOGIES, INC.,
NATIONS TECHNOLOGIES (USA)
INC., SHENZHEN QIANHAI NATIONS
INVESTMENT MANAGEMENT CO.
LTD., ZHAOXUE LUO, YINGTONG
SUN, BAOXIN HUANG, JUNEE YU,
YAPING CHEN, HUAXIA GENERAL
PROCESSOR TECHNOLOGIES INC.,
OPTIMUM SEMICONDUCTOR
TECHNOLOGIES INC. D/B/A
GENERAL PROCESSOR
TECHNOLOGIES, KEYI LI, *and* DOES 1-
20,

                Defendants.

NATIONS TECHNOLOGIES INC.,
SHENZHEN QIANHAI NATIONS
INVESTMENT MANAGEMENT CO.
LTD., *and* SHENZHEN
GUOTAIQIXING INDUSTRY
INVESTMENT FUND CENTRE
(LIMITED PARTNERSHIP),

        Counterclaim-Plaintiffs,

       – *against* –

KHAN FUNDS MANAGEMENT
AMERICA, INC., XUEFENG DAI,
BEIJING KHAN MEDICAL AND
PHARMACEUTICAL HOLDING CO.,
LTD., *and* SHENZHEN QIANHAI
GENGHIS KHAN FUND
MANAGEMENT CO., LTD.,

        Counterclaim-Defendants.

**ORDER**

22-cv-05055 (ER)

24-cv-03142 (ER)

ZHAOXUE LUO,

                Counterclaim-Plaintiff,

– against –

XUEFENG DAI,

                Counterclaim-Defendant.

GUOTAIQIXING BIOMEDICAL
INTERNATIONAL (S) PTE LTD.,

                Plaintiff,

– against –

XUEFENG DAI,

                Defendant.

RAMOS, D.J.:

Xuefeng Dai filed a motion for a temporary restraining order and order to show cause for a preliminary injunction on January 26, 2026. 25 Civ. 5055, Doc. 239, 240. The Court denied the motion for a temporary restraining order and set a briefing schedule on the preliminary injunction on January 28, 2026. Doc. 242. Pursuant to that briefing schedule, Defendants in 22 Civ. 5055 and Plaintiff in 24 Civ. 3142 were directed to show cause, in writing by February 6, 2026, why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) should not issue. *Id.*

Before the Court are two letter motions from the parties, both of which were filed on February 3, 2026. The first is a request from Nations Technologies Inc., Nations Technologies (USA) Inc., Shenzhen Qianhai National Industry Investment Co., Ltd., Guotaiqixing Biomedical Int'l (s) Pte. Ltd., Zhaoxue Luo, Yingtong Sun, Baoxin Huang, and Junee Yu that the Court "compel[] Plaintiff Xuefeng Dai to produce, by Wednesday[,] [February 4, 2026], an unredacted copy of Exhibit 31, which Plaintiff

2

submitted in support of his Motion for a Preliminary Injunction." Doc. 245 at 1. The second is a request from Dai for an order directing that "Exhibit 31 remain in the PI record in the redacted form filed for purposes of the pending Rule 65 motion," or, "if the Court deems any redacted material necessary," directing him to "submit an unredacted hard copy for Court-only in camera review at the February 11 hearing . . . without production to [opposing] counsel." Doc. 246 at 3. Both sides have also filed responses to the requests. Doc. 247, 248.

Having considered the parties' arguments, the Court directs Dai to produce an unredacted copy of Exhibit 31 (the "Unredacted Exhibit") pursuant to the terms set forth below[1] or advise the Court that he will not rely on the exhibit in his application for a preliminary injunction.

Should Dai choose to produce the Unredacted Exhibit, he is directed to do so exclusively to outside counsel of record who have appeared for each party against whom he seeks preliminary injunctive relief ("Receiving Counsel") by February 5, 2026, at 12:00 p.m. Receiving Counsel are in turn directed not to disclose the Unredacted Exhibit or any previously redacted information within it, except to: (1) clerical, paralegal, and secretarial staff necessary to assist counsel in the defense of the preliminary injunction motion; (2) the Court and its personnel, provided that the Unredacted Exhibit is filed under seal and in accordance with the rules and procedures of the U.S. District Court for the Southern District of New York and this Court's Individual Rules of Practice; and (3) any other person to whom all parties to this action agree in writing (collectively, the "Excepted Persons").

Within 60 days of the final determination on the preliminary injunction, whether by final order on the preliminary injunction, appeal, settlement, or other disposition, Receiving Counsel shall assemble and return to Dai the Unredacted Exhibit, including

---

[1] The terms are drawn largely from the parties' Confidentiality Stipulation and Protective Order. *See* Doc. 216.

copies thereof that are in the possession of any of Excepted Persons and all copies retained on all electronic media and backup media (including digital and magnetic tapes), servers, hard drives and/or other media.  Alternatively, Receiving Counsel may destroy the Unredacted Exhibit in lieu of returning it to Dai, and such destruction shall be certified to have completed by Receiving Counsel.

It is SO ORDERED.

Dated:    February 4, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

4