# MEMO ENDORSED

February 9, 2026

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> The request is denied without prejudice.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: February 9, 2026
> New York, New York

Re: Khan Funds et al. v. Nations et al., No. 22-cv-05055 (ER) (consolidated) — February 11, 2026
Rule 65(a) Hearing (Dkt. 242) — Request for Live Witness Testimony

Dear Judge Ramos:

This letter-motion asks the Court to require live witness testimony at the Court's in-person Rule 65(a) hearing on February 11, 2026. (Dkt. 242 at 3.) The current PI record from the Enterprise is built almost entirely on attorney declarations and attorney argument (see, e.g., Dkt. 253; Dkt. 254; Dkt. 255; Dkt. 256; Dkt. 252), while the Enterprise simultaneously disputes core factual predicates that control irreparable harm, imminence, and the scope of any Rule 65(d) order.

**I. The Court may take oral testimony at a PI hearing where disputed facts and credibility control the Rule 65 record.**

The Court has discretion to receive live testimony to resolve disputed material facts presented on a motion. Fed. R. Civ. P. 43(c). Here, the Court has already set an in-person hearing on the PI application (Dkt. 242 at 3), and the Enterprise's opposition papers put disputed, transaction-linked facts in issue (Dkt. 256; Dkt. 252), while the Enterprise also seeks emergency affirmative relief affecting the Florida closing pipeline and proceeds. (Dkt. 253 ¶¶19–20; 24-cv-03142, Dkt. 65.)

**II. Live testimony is necessary because the Enterprise's written submissions assert market-moving "judgment/enforcement" facts while disclaiming personal knowledge through counsel.**

Live testimony is necessary because the Enterprise's opposition presents a "judgment/enforcement-now" narrative that conflicts with the consolidated posture and produces third-party consequences, yet the Enterprise submits no witness with personal knowledge to explain (a) who authorized the Florida recording/communication activity, (b) what is planned during the closing window, and (c) what the Enterprise means when it describes the Singapore money judgment as if it were already a domestic judgment.

1. The Enterprise's opposition states a domestic-judgment premise in unambiguous text, and that premise drives third-party conduct. The Enterprise's opposition states, verbatim: **"Dai**

**has no right to set off this Court' $34.2 million judgment against his unproven allegations and specious damages in the RICO Action." (Dkt. 256 at 3.) That sentence is not a stray typo: the brief is signed by five Enterprise attorneys (Dkt. 256 ), and it repeats the same "theft/embezzlement" labeling that the Enterprise has deployed in federal filings since 2022 to justify market-facing pressure. A Rule 65 record cannot treat that language as harmless while the Enterprise simultaneously argues "no imminent harm" and "no threatened conduct." (Dkt. 256 at 1–2.)**

2. The Enterprise's factual presentation relies on attorney declarations rather than operational witnesses. The Enterprise's PI opposition is supported by counsel declarations (e.g., Dkt. 253; Dkt. 254; Dkt. 255), including a declaration that expressly excerpts a key affidavit and omits more than 1,500 pages of attachments. (Dkt. 253 ¶8 n.1.) Where the Enterprise asks the Court to accept a closing-stage "attach the proceeds" posture (Dkt. 256 at 2; Dkt. 253 ¶¶19–20; 24-cv-03142, Dkt. 65), the relevant facts are not "what the Singapore docket contains," but what the Enterprise has done and intends to do in the United States (recording steps, communications with title/escrow/underwriters/brokers/buyers, and coordination across Enterprise actors). Those facts sit with company control persons and the individuals the Enterprise has placed at issue.

3. The Enterprise cannot simultaneously seek sanctions and refuse live examination on the Rule 65 facts it injects. The Individual opposition seeks fees/sanctions and rests on factual assertions about knowledge, non-involvement, and "nothing to do with" the transaction, again through counsel presentation. (Dkt. 252 at 2–7; Dkt. 254.) If the Enterprise wants the Court to accept those factual assertions as a reason to deny relief and shift fees, the Rule 65 record should permit live examination of the persons whose roles and conduct are disputed.

### III. Yingtong Sun and Zhaoxue Luo are the operational witnesses the Enterprise has put in issue, and their testimony is targeted to Rule 65 elements.

Live testimony is necessary because these two individuals are the most direct sources for the Rule 65 facts now disputed.

1. Yingtong Sun is a control person across the entities and the most suitable corporate representative for the Rule 65 record. The Individual opposition identifies Mr. Sun as "the current Chairman of the Board of General Manager of NTI." (Dkt. 252 at 3.) The Enterprise's PI record also relies on a "first affidavit of GTQX Director Yingtong Sun," while omitting the attachments. (Dkt. 253 ¶6 & ¶8 n.1.) Mr. Sun is therefore the most direct witness to explain (i) the Enterprise's claimed intent regarding Florida closing/proceeds, (ii) the basis for "judgment/enforcement" statements made in the Enterprise's brief, and (iii) the Enterprise's coordination across entities and agents relevant to Rule 65(d).

2.  Zhaoxue Luo is a key witness on the operational history the Enterprise disputes while seeking to narrow the Rule 65 order through counsel disclaimers. Mr. Luo is identified as a former Nations chair and as a central participant in the operative period the pleadings put at issue, and the Enterprise now asks the Court to accept that he has no connection to the conduct the Rule 65 order targets. (Dkt. 252 at 3–4.) If the Enterprise wants the Court to rely on that position to deny relief and impose sanctions, live testimony is the standard tool to test it.

3.  The remaining individual parties are necessary because the Enterprise has affirmatively placed their "non-involvement" and "no ability" position in dispute and seeks fees based on it. The Individual opposition demands a ruling that inclusion of the individuals is "frivolous" and fee-shifting should follow. (Dkt. 252 at 2–3, 7.) That request makes their roles and coordination facts directly relevant to the Rule 65 record.

For the foregoing reasons, Plaintiff respectfully requests that the Court direct the Enterprise to produce Yingtong Sun (as corporate representative), Zhaoxue Luo, and the remaining individual parties for live testimony at the February 11, 2026 in-person Rule 65(a) hearing.

Respectfully submitted,

/s/ Xuefeng Dai

Xuefeng Dai

cc: Counsel of record